IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HU TEHUTI, | ) | CASE NO. 7:17CV00126 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| A. DAVID ROBINSON, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

This prisoner civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, is now before the court on cross motions for summary judgment. The plaintiff, Hu Tehuti, proceeding pro se, has made numerous requests to have the African American Church ("AAC") recognized by the Virginia Department of Corrections (VDOC) as a religious faith system. His claim before the court is for declaratory and injunctive relief to achieve this goal and have prison officials accommodate AAC religious practices, particularly to conduct AAC congregational services every Saturday and during AAC holy days in March and December.[1] After review of the record, the court concludes that the motions for summary judgment must be denied.

I. Background

When Tehuti filed this lawsuit in March 2017, he was incarcerated at River North Correctional Center ("River North") and had been since June 9, 2015. Tehuti describes himself as

---

[1] The court previously held that before filing this lawsuit, Tehuti failed to exhaust administrative remedies, see 42 U.S.C. § 1997e(a), as to his additional claim seeking accommodation of his AAC belief that he should consume a vegan diet. Tehuti v. Robinson, No. 7:17CV00126, 2018 WL 502755, at *3 (W.D. Va. Jan. 22, 2018). Tehuti has moved for reinstatement of this claim, providing evidence that since filing the lawsuit, he has fully exhausted administrative remedies on his religious diet issues. Section 1997e(a) clearly requires that exhaustion occur before the plaintiff files the civil action, however. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."). Therefore, the court will deny Tehuti's motion to reinstate the diet claim in this lawsuit. He remains free to pursue that claim in a new and separate civil action, now that he has complied with § 1997e(a).

a Black African American who follows "The Maat (Religion)," believes in "The Creator Ra (Amen-Ra)," and "confesses a belief that all Black People(s) are descendants of Noah's Black son Ham in the Holy Bible, Genesis 6:10." Mem. Supp. Mot. Summ. J. 3, ECF 29-1. He believes that the AAC "is a covenant community established by God Amen-Ra, Who is the God of Ham and for Ham's Black descendants." Id. He believes that AAC members must "gather together on Saturday and other religious days for AAC worship services, prayers, study groups, and religious activities," namely, during "the First Fruit Harvest," also known as Kwanza, from December 26 through January 1, and during "Hebsed," from March 1 through March 31.[2] Id. at 4-5. Tehuti explains that "Hebsed (or Sed) is the month that revelation of the Book, Holy Maat was revealed to Hu Tehuti." Id. at 5.

At River North, Tehuti and other inmates asked to be permitted to hold AAC group services every week, as other religious groups did. Officials refused this request, because the VDOC had not recognized the AAC as a religion for which prison officials must provide accommodations.

In the past, Tehuti has filed requests for AAC recognition through the VDOC's Faith Review Committee ("FRC") in the past that were denied on July 22, 2011, March 27, 2013, and July 13, 2016. He complains that the FRC delayed processing the requests, did not allow him to ask and answer questions to aid in their decision, and did not provide detailed reasons for denying his requests so he could pursue a meaningful appeal. Tehuti complained that before denying his request for approval of his religion, the VDOC should provide him with a hearing before the Institutional Classification Authority ("ICA"), as procedure requires for approval or denial of an inmate's request for the Common Fare religious diet.

---

[2] Tehuti's submissions also mention other AAC religious practices, such the requirement to "fast between dawn and sunset during Hebsed" and celebrating Kwanza. Compl. 12, ECF No. 1. Tehuti does not provide any evidence, however, that he has been, or is currently, unable to engage in these practices at VDOC facilities.

2

After careful consideration of Tehuti's submissions, the court concludes that his remaining § 1983 claims are that (1) the defendants have denied him free exercise of his AAC belief that he must participate in congregational religious services with other AAC adherents every week and during Hebda and Kwanza, in violation of the First Amendment and RLUIPA; and (2) the VDOC procedure for requesting approval of a religion for accommodation of such practices provides inadequate procedural protections, in violation of the Fourteenth Amendment. The defendants are A. David Robinson, VDOC Chief of Operations; Elam, a VDOC Regional Administrator; the FRC; the VDOC; and Barry Kanode, J. Morrison, Thersea Dowell, John Walrath, and Andy Kilbourne, who were employees at River North.[3] Importantly, Tehuti seeks only declaratory and injunctive relief in this case—to have the AAC approved for religious accommodation, such as the group worship services he requested at River North.

II. Discussion.

A. Mootness

As an initial matter, Tehuti's claims against the River North defendants must be dismissed as moot, because he is no longer confined at that facility.

> The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy. . . . [A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. . . . The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.

Preiser v. Newkirk, 422 U.S. 395, 401 (1975).[4] "[A] prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there." Rendelman

---

[3] Although the court will dismiss all claims against Warden Kanode, nevertheless, the court finds it appropriate to continue to consider his affidavit in support of the other defendants' summary judgment arguments.

[4] The court has omitted internal quotation marks, alterations, and citations, here and elsewhere throughout this memorandum opinion, unless otherwise noted.

3

v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). Similarly, a prisoner's transfer moots his claims for declaratory relief about conditions at that facility. Preiser, 422 U.S. at 402-403.

Tehuti was transferred away from River North on December 13, 2017, and is now confined at Green Rock Correctional Center. The River North defendants—Kanode, Morrison, Dowell, Walrath, and Kilbourne—can no longer be directed to provide him the religious accommodations that he seeks, even if the court were to decide that he is entitled to them. Accordingly, the court will dismiss all claims against these defendants without prejudice as moot.

### B. First Amendment and RLUIPA Claims

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "In order to state a claim for violation of rights secured by the [First Amendment] Free Exercise Clause, an inmate, as a threshold matter, must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion." Wilcox v. Brown, 877 F.3d 161, 168 (4th Cir. 2017). Under RLUIPA, "when a prison substantially burdens an inmate's exercise of religion, the prison must demonstrate that imposing the burden serves a compelling government interest and does so by the least restrictive means." Lovelace v. Lee, 472 F.3d 174, 182 (4th Cir. 2006). "[A] substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace, 472 F.3d at 187 (RLUIPA context) (quoting Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 718 (1981) (First Amendment context)).

4

On summary judgment,[5] the defendants contend that Tehuti's purported faith group is not religious in nature and therefore, the VDOC's refusal to accommodate his request for group services and holidays does not violate the First Amendment or RLUIPA. Tehuti's summary judgment motion contends that his AAC beliefs are both religious and sincere. He submits evidence that he believes will prove their religious nature. As the defendants concede, these genuine issues of material fact preclude summary judgment on the ground that no religious rights are being burdened.

Upon closer consideration of Tehuti's submissions, the court concludes that the only denial of free exercise claims Tehuti has put before the court in this case concern his inability to conduct group religious services every week, during Hebda, and during Kwanza.[6] See, e.g., Compl. 17, ECF No. 1 ("It is ordained for the AAC to gather all of the congregation together on Saturday and other religious days for AAC religious services."). The defendants argue on summary judgment that Tehuti has not demonstrated why he cannot practice this belief or how VDOC policy substantially has pressured him to abandon it. Indeed, they offer evidence that the chaplain and other officials have had difficulty in the past locating AAC adherents with whom Tehuti could congregate.

---

[5] An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a party's evidence to raise a genuine issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

[6] As discussed, Tehuti has not alleged or presented evidence that he is unable to celebrate his Hebda fast or otherwise celebrate that ritual or Kwanza under current VDOC regulations. In any event, "[n]o substantial burden [on an inmate's free exercise] occurs if the government action merely makes the religious exercise more expensive or difficult or inconvenient, but does not pressure the adherent to violate [his] religious beliefs or abandon one of the precepts of [his] religion." Rountree v. Clarke, No. 7:11CV00572, 2015 WL 1021286, at *7 (W.D. Va. Mar. 9, 2015) (citing Smith v. Allen, 502 F.3d 1255, 1278 (11th Cir. 2007); Living Water Church of God v. Charter Twp. of Meridian, 258 F. App'x 729, 739 (6th Cir. 2007) (unpublished)).

The court concludes that Tehuti may be able to prove a substantial burden on this belief. He presents evidence that religious group services are not permitted without staff authorization, approval, and required supervision. See OP 841.3(IV)(F)(12)(d). Tehuti also alleges that over twenty other inmates at River North had filed requests to participate in the AAC services that he tried to start in 2016. Compl. 13, ECF No. 1. He also presents a copy of a renewed request for recognition of the AAC as a religion that he filed in January 2018, while he was confined at Augusta Correctional Center. Attached to that request is a list of thirty-six inmates' names under the heading "Approximate number of offenders in the Group" that he identifies as the AAC. Mem. Supp. Mot. Summ. J. Ex. 2 at 3, ECF No. 29-3. Finally, Tehuti states that he "can receive a blessing from God such as eternal life, power, success and good health when [he] attend[s] weekly Saturday religious services and other holy days," and he "may be denied access to eternal life by failing to attend weekly group services and other holy days." Mem. Supp. Mot. Summ. J. Ex. 1, Tehuti Aff. ¶ 10, ECF No. 29-3. Thus, the court finds material disputes regarding the substantial burden aspect of Tehuti's free exercise claims.

### D. The Need for Factual Development

The court believes, however, that it would be premature to issue any decision on Tehuti's claims based only on the evidence now in the record. Since he submitted his complaint, Tehuti has filed a renewed request for recognition of the AAC as a religion and for accommodation of AAC religious practices in VDOC facilities. The current record does not include information about whether the FRC denied that 2018 request or approved the AAC as a religion and authorized accommodations, including AAC group services. Moreover, Tehuti has only recently been moved to a different facility. There, the number of interested inmates may or may not meet the minimum number necessary for authorized group services, if the AAC is now approved for religious

accommodations. Because additional information on these topics may moot Tehuti's claims for injunctive and declaratory relief, the court finds it appropriate to deny summary judgment and refer the matter to a magistrate judge for further proceedings, including a bench trial, on Tehuti's First Amendment, RLUIPA, and due process claims. An appropriate order will issue this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 19th day of March, 2019.

/s/ Jon Conrad
Senior United States District Judge